UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEPHEN L. JOHNSON,

    Plaintiff,

vs.

CLARK COUNTY DETENTION CENTER,

    Defendant.

Case No. 2:11-cv-00800-JCM-LRL

**ORDER**

This is an action brought pursuant to 42 U.S.C. § 1983.  Plaintiff was granted leave to proceed *in forma pauperis* (ECF No. 2) but was required to pay an initial installment of $25.00 within thirty days. (ECF No. 2.)  At the time the payment was due and no record of such payment entered on the docket, the matter was dismissed. (ECF No. 3.)  Thereafter, plaintiff contacted the court and was able to establish that payment had been made, but not recorded.  Plaintiff seeks to have the case reopened.  The motion shall be granted and the complaint shall be screened pursuant to 28 U.S.C. § 1915A.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)(2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Discussion**

Plaintiff, in police custody at the Clark County Detention Center in March of 2011, complains of the unsanitary and unhealthy conditions of confinement to which he was subjected during his detention. Specifically, plaintiff complains that he was forced to sleep on a dirty and contaminated mattress resulting in his being bitten by "bed bugs" on his body and face. He also contends he developed a skin rash. Plaintiff further complains of the unsanitary conditions of the bathroom/toilet facilities that he was forced to share with at least fifteen other inmates. He does not allege that he suffered actual illness or injury from this condition. The plaintiff contends that he was exposed to these unsanitary and unhealthy conditions for approximately two weeks at which time he was released. Plaintiff names the Clark County Detention Center as the sole defendant.

Plaintiff does not specify whether he was convicted of any crime during the time period relevant to the complaint, or whether he was a pretrial detainee at the time. However, this distinction does not alter the court's analysis. A pretrial detainee's right to be free from punishment

is grounded in the due process clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002); *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998); *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996); *Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995).

<u>Eighth Amendment Conditions of Confinement</u>

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.; Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison officials must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. at 835.

A municipality or agency thereof may only be held liable for such conditions of confinement if plaintiff can show a policy or custom of the detention center to create and maintain such conditions. Plaintiff has not made such allegations.

While a rash or bug bites may be uncomfortable, they do not present the requisite "substantial risk of serious harm" required under the law. Plaintiff has described details of his living conditions at the Clark County Detention Center, but none of plaintiff's allegations rise to the

level of a substantial risk of serious harm. Plaintiff's allegations fail to state a viable claim for violation of his constitutional rights. Because further amendment would be futile, the complaint is dismissed with prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's request to reopen the case (ECF No. 5) shall be **GRANTED.** The court's previous order to dismiss (ECF No. 3) is recalled and judgment (ECF No. 5) vacated.

**IT IS FURTHER ORDERED** that the clerk shall detach and filed the complaint (ECF No. 1-1) which is **DISMISSED with prejudice in its entirety** because plaintiff's complaint fails to state a claim and cannot be cured by amendment. Any appeal of this order would be taken in bad faith.

The clerk of court shall enter judgment accordingly.

DATED this 19th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE